# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ARTHUR SKINNER, *et al.*, ) | ) |
| Appellants, ) | ) |
| ) | Civil Action No. 24-cv-00278-LKG |
| v. ) | ) |
| ) | Dated:  September 16, 2024 |
| NATHANIEL XAVIER ARNOLD, *et al.*, ) | ) |
| Appellees. ) | ) |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

In this bankruptcy appeal, Appellants, Arthur Skinner, Summer Williams and Ralph Odom, appeal the January 16, 2024, decision by the United States Bankruptcy Court for the District of Maryland denying their motion to reconsider the Bankruptcy Court's December 8, 2023, Order denying the Chapter 7 Trustee's motion for authority to sell certain real property, pursuant to Fed. R. Bankr. P. 8013.  *See generally* ECF No. 1.  Appellees, Nathaniel Xavier Arnold and U.S. Bank, N.A. ("U.S. Bank"), have moved to dismiss the appeal on mootness grounds.  ECF No. 10.  The motion is fully briefed.  ECF Nos. 10, 14, 15, 16.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS** the Appellees' motion to dismiss this appeal and (2) **DISMISSES** this matter as moot.

## II.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.      Factual Background

In this bankruptcy appeal, Appellants appeal the Bankruptcy Court's January 16, 2024, decision denying their motion to reconsider the Bankruptcy Court's December 8, 2023, Order denying the Trustee's motion for authority to sell the real property of the bankruptcy estate (the "Motion to Sell Property"). *See generally* ECF No. 1.

As background, the debtor in this bankruptcy matter is Stephen T. Hudgens. ECF No. 10 at 1. On January 22, 2010, Mr. Hudgens filed a Chapter 7 petition for bankruptcy. *See generally* BK No. 1. The Bankruptcy Court discharged Mr. Hudgens' bankruptcy petition on January 7, 2011. BK No. 72. Gary A. Rosen is the Chapter 7 Bankruptcy Trustee for Mr. Hudgens' bankruptcy estate. *See* BK No. 7; BK No. 74 at ¶ 7.

Mr. Hudgens is a prior record owner of certain real property located at 219 Adams Street SE, Washington, D.C. (the "Property"). ECF No. 10 at 1; BK No. 74 at ¶ 1. The Property has previously been the subject of litigation in the Superior Court for the District of Columbia brought by several individuals (the "TOPA Plaintiffs") against Mr. Hudgens, pursuant to the District of Columbia's Tenant Opportunity to Purchase Act ("TOPA"), D.C. Code § 42-3404.01 *et seq.*[2] *See Saunders, et al. v. Hudgens, et al.*, Civil Action No. 2005 CA 003686 (D.C. Super. Ct.); *Martin, et al v. Arnold, et al.*, Civil Action No. 2006 CA 008531 (D.C. Super. Ct.).

---

[1] The facts recited in this memorandum opinion are derived from the Appellees' motion to dismiss and the reply brief in support thereof; the Appellants' designation of the record on appeal and the exhibits thereto; and the Appellees' designation of the record and the exhibits thereto. ECF Nos. 10, 15, 18, 19. Documents from the bankruptcy proceeding docket are cited as BK No., while documents from the adversary proceeding docket are cited as AP No.

[2] On March 16, 2005, Mr. Hudgens sold the Property to Appellee Nathaniel Xavier Arnold in exchange for $315,000.00. ECF No. 10 at 1; BK No. 74 at ¶ 2. On May 13, 2005, Ruth Saunders and Jerome Saunders filed a civil action in the Superior Court for the District of Columbia, alleging that Mr. Hudgens had sold them the Property for $170,000.00, but breached that contract and committed fraud by failing to deed the Property to them and selling the Property to Mr. Arnold instead. BK No. 74 at ¶ 3; *see generally* ECF No. 18-12. On November 27, 2006, Ruth Saunders, Jerome Saunders, Jayelynn Martin and Alvin Bailey filed a separate lawsuit against Mr. Hudgens in the Superior Court of the District of Columbia, alleging that he failed to provide them—as tenants of the Property—with their legal right to seek ownership of the property pursuant to the District of Columbia's Tenant Opportunity to Purchase Act. BK No. 74 at ¶ 4; *see also* ECF No. 10 at 2; ECF No. 18-11. The two D.C. Superior Court cases were eventually consolidated. ECF No. 10 at 2; BK No. 74 at ¶ 4.

On January 18, 2011, the Trustee, Mr. Hudgens and Appellee Nathaniel Xavier Arnold filed a joint application to compromise controversy, which provides for certain alternative courses of action with regards to the transfer of the Property that the Trustee would take, depending on the outcome of the litigation before the Superior Court for the District of Columbia.[3]  BK No 74; AP No. 22.  On March 15, 2011, the Bankruptcy Court held a hearing on, among other things, the joint application to compromise controversy.  AP No. 31.

On March 24, 2011, the Bankruptcy Court issued a decision approving the joint application to compromise controversy.  AP Nos. 32, 33.  The approved joint application to compromise controversy provides, in relevant part, that:

> If the TOPA Plaintiffs succeed in the Superior Court case and the Subject Property becomes the property of Hudgens' Bankruptcy Estate, Rosen agrees that he will negotiate to sell the Subject Property to the TOPA Plaintiffs in good faith and pursuant to the requirements of the TOPA and in accordance with the Superior Court's instructions with all proceeds, minus Rosen's six (6) percent commission, going to Arnold.  If Rosen and the TOPA Plaintiffs are unable to reach an agreement on the sale of the Subject Property, Rosen agrees that title to the Subject Property will transfer back to Arnold, with Rosen accepting a six (6) percent commission on $315,000.00.

AP No. 22 at ¶ 15.

On July 6, 2012, the Superior Court for the District of Columbia: (1) entered a declaratory judgment that Mr. Hudgens violated the TOPA rights of Robert Saunders and Jayelynn Martin, with respect to his sale of the Property to Mr. Arnold; (2) entered a declaratory judgment that the sale of the Property to Mr. Arnold was void; (3) quieted title in Mr. Hudgens with respect to the Property; (4) recognized that restoring title of the Property to Mr. Hudgens incorporated the Property into his bankruptcy estate; and (5) reinstated "the TOPA rights [that Robert Saunders and Jayelynn Martin] were entitled to but were denied: *i.e.*, the right to

---

[3] On July 15, 2010, Mr. Arnold filed an adversary complaint with the Bankruptcy Court against Mr. Hudgens, alleging that Mr. Hudgens had defrauded Mr. Arnold by failing to notify him that the Property was occupied by tenants when he purchased the Property in 2005.  *See generally* AP No. 1; *see also* BK No. 74 at ¶ 11.  This adversary proceeding was closed on September 21, 2023.  ECF No. 10 at 3.

3

negotiate with respect to an offer of Sale [of the Property] in the amount of $315,000[.00]." BK No. 201-2 at 22; *see also* BK No. 201-1 at 2-3.

The District of Columbia Court of Appeals subsequently affirmed the Superior Court's ruling on May 11, 2022. *Saunders v. Hudgens*, 290 A.3d 470, 2022 WL 18864854 (D.C. 2022). And so, under the terms of the approved joint application to compromise controversy, the outcome of the litigation before the Superior Court for the District of Columbia required that the Trustee negotiate to sell the Property to the TOPA Plaintiffs in good faith and in accordance with the requirements of the TOPA. *Id.*; AP No. 22 at ¶ 15.

On July 7, 2023, the Trustee filed the Motion to Sell Property, seeking the Bankruptcy Court's authority to sell the Property to the Appellants. BK No. 239. The Bankruptcy Court held hearings on the Trustee's Motion to Sell Property on August 9, 2023, November 2, 2023, and December 5, 2023, respectively. BK Nos. 261, 294, 297. On December 8, 2023, the Bankruptcy Court issued a decision denying the Motion to Sell Property. BK Nos. 301, 306.

On December 14, 2023, the Appellants filed a motion to reconsider the Bankruptcy Court's ruling on the Motion to Sell Property. BK No. 307. On December 15, 2023, the Appellants filed a motion to stay the sale of the Property pending the resolution of their motion to reconsider. BK No. 308.

On January 16, 2024, the Bankruptcy Court denied the Appellants' motion to reconsider and amended certain aspects of the decision denying the Motion to Sell Property. BK No. 317. On January 24, 2024, the Trustee executed and delivered a Trustee's Deed transferring the Property to Mr. Arnold. BK No. 330-1.

Thereafter, the Appellants appealed the Bankruptcy Court's Order denying their motion to reconsider on January 26, 2024. ECF No. 1; BK No. 319. On January 29, 2024, the Appellants filed a motion to stay the Bankruptcy Court's decision on their motion to reconsider pending appeal, which sought to prevent the Trustee from selling the Property until this appeal is resolved. BK No. 326. On January 31, 2024, the Trustee's Deed and U.S. Bank's Confirmation Deed of Trust were recorded among the records of the Recorder of Deeds for the District of Columbia. ECF No. 10 at 7.

On February 12, 2024, the Bankruptcy Court denied as moot the Appellants' motion to stay the sale of the Property pending the resolution of their motion to reconsider (BK No. 308) and the Appellants' motion to stay the Bankruptcy Court's decision on their motion to reconsider pending appeal (BK No. 326). BK No. 334. In the decision, the Bankruptcy Court concluded that the matter was moot, because the Trustee had already transferred title to the Property to Mr. Arnold. *Id*. at 2. And so, the Bankruptcy Court held that the Trustee had "already completed the action that [the Appellants] asked the Court to prevent," and denied the motions to stay as moot. *Id*. at 3.

### B.    Procedural History

On January 29, 2024, the Appellants filed a notice of appeal of the Bankruptcy Court's January 16, 2024, Order denying their motion to reconsider. ECF No. 1. The Appellees filed a motion to dismiss the appeal on February 15, 2024. ECF No. 10.

The Appellants filed their response in opposition to the motion to dismiss on March 11, 2024. ECF No. 14. On March 18, 2024, the Appellees filed a reply brief. ECF No. 15. On March 20, 2024, the Trustee filed a response to the Appellees' reply. ECF No. 16.

The Appellees' motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.    Bankruptcy Appeals

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction over appeals from bankruptcy courts with respect to final judgments, orders and decrees. 28 U.S.C. § 158(a). Specifically, Section 158(a) provides, in relevant part, that:

> The district courts of the United States shall have jurisdiction to
> hear appeals
>
>> (1) from final judgments, orders, and decrees; . . .
>> (3) with leave of the court, from other interlocutory orders
>> and decrees; . . .
>
> . . . of bankruptcy judges entered in cases and proceedings referred
> to the bankruptcy judges under [S]ection 157 of this title. An

> appeal under this subsection shall be taken only to the district court
> for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a). "On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*." *Pookrum v. Bank of America, N.A.*, 512 B.R. 781, 784 (D. Md. 2014) (citing *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014); *In re Travelstead*, 250 B.R. 862, 867 (D. Md. 2000)).

**B.    Mootness**

Article III of the United States Constitution affords federal courts with jurisdiction over "cases" and "controversies." *See Carter v. Fleming*, 879 F.3d 132, 136-37 (4th Cir. 2018) (citing U.S. Const. art. III, § 2, cl. 1). And so, "[t]o qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotations omitted).

Relevant to the pending motion to dismiss, the constitutional mootness doctrine is a "subset[] of Article III's command that the courts resolve disputes, rather than emit random advice." *Podavin v. Collett*, 2008 WL 8116106, at *2 (D. Md. Aug. 12, 2008), *aff'd* 333 F. App'x 763 (4th Cir. 2009); *see also Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162 (4th Cir. 2021) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)) ("The mootness doctrine is rooted in the case-or-controversy limitation on federal judicial power contained in Article III, Section 2 of the Constitution."). Given this, a case is rendered constitutionally moot, when the issues set forth in the complaint or appeal are no longer "live," or the parties lack a legally cognizable interest in the outcome. *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017); *see also Arizonans for Official English*, 520 U.S. at 68 n.22 (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)) ("Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'"); *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 389 (4th Cir. 2017) ("When a claim is moot, any judicial resolution would be effectively advisory, and therefore impermissible.").[4] And so, if it is beyond the Court's jurisdiction or power to provide

---

[4] A controversy is constitutionally moot if it lacks one of the three required elements for Article III standing: (1) injury in fact; (2) causation; or (3) redressability. *See Townes v. Jarvis*, 577 F.3d 543, 546-47 (4th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). In addition, the

6

the relief sought by the moving party, the Court should dismiss the case as moot as a threshold matter. *In re Carr*, 321 B.R. 702, 706 (E.D. Va. 2005); *see also In re McLean Square Assocs., G.P.*, 200 B.R. 128, 131 (E.D. Va. 1996) ("Mootness is the threshold issue.").

      **C.**      **Bankruptcy Rule 9019**

Lastly, Rule 9019(b) of the Federal Rules of Bankruptcy Procedure provides that:

> After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

Fed. R. Bankr. P. 9019(b). Pursuant to its equity power, a district court also has "inherent authority . . . to enforce settlement agreements." *Hensley v. Alcon Labs, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). The Court "must first ascertain whether the parties have in fact agreed to settle, and then discern the terms of that settlement." *Copeland v. Dapkute*, 2018 WL 5619672, at *4 (D. Md. Oct. 30, 2018) (internal quotations omitted). "Settlement agreements are enforceable as independent contracts, subject to the same general rules of construction that apply to other contracts." *Jones v. Aetna Life Ins. Co.*, 2020 WL 1675984, at *4 (D. Md. Apr. 6, 2020) (cleaned up). And so, "[a]s long as the basic requirements to form a contract are present, there is no reason to treat such a settlement agreement differently than other contracts which are binding." *Id*. (cleaned up).

**IV.**      **ANALYSIS**

The Appellees have moved to dismiss this appeal on mootness grounds, because the Trustee has previously transferred the Property at issue in this appeal to Mr. Arnold, pursuant to a court-approved joint application to compromise controversy. *See generally* ECF No. 10. In support of their motion, the Appellees argue that: (1) the Trustee properly transferred the Property to Mr. Arnold, pursuant to Fed. R. Bankr. P. 9019; (2) 11 U.S.C. § 363 does not apply to the transfer of the Property; and (3) even if Section 363 did apply to the transfer of the Property, the Trustee complied with this statute, because the transfer of the Property was in the

---

Court may find a case to be equitably moot "when, for practical reasons, [it is] able, but '*unwilling* [] to alter the outcome.'" *Pookrum v. Bank of America, N.A.*, 512 B.R. 781, 785 (D. Md. 2014) (quoting *In re UNR Indus.*, 20 F.3d 766, 769 (7th Cir. 1994)) (alterations in original).

7

ordinary course of business and the Appellants received adequate notice of the transfer of the Property. *Id*. at 8-11. And so, the Appellees request that the Court dismiss this appeal as moot. *Id*. at 11.

The Appellants counter that the Court should not dismiss this matter, because: (1) the Trustee did not provide notice of the right to purchase the Property to the TOPA Plaintiffs, as required under 11 U.S.C. § 363; (2) Mr. Arnold is not a good-faith purchaser; and (3) the Trustee's Motion to Sell Property did not include a "Plan B" regarding a sale of the Property to Mr. Arnold. ECF No. 14-1 at 18-29. And so, the Appellants request that the Court deny the Appellees' motion to dismiss. *Id*. at 30.

For the reasons that follow, the evidentiary record in this bankruptcy appeal shows that the Appellants' claim is moot, because the Bankruptcy Court has denied the Trustee's Motion to Sell Property and the Trustee has already transferred the Property to Mr. Arnold, pursuant to a court-approved settlement agreement. And so, the Court: (1) **GRANTS** the Appellees' motion to dismiss this appeal and (2) **DISMISSES** this matter as moot.

### A. The Appeal Is Moot

The Appellees argue with persuasion that the Court should dismiss this bankruptcy appeal, because the Appellants' claim is moot. The Fourth Circuit has held that a case is rendered constitutionally moot, when the issues set forth in the appeal are no longer "live," or the parties lack a legally cognizable interest in the outcome. *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017); *see also Arizonans for Official English*, 520 U.S. at 68 n.22 (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)) ("Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'"); *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 389 (4th Cir. 2017) ("When a claim is moot, any judicial resolution would be effectively advisory, and therefore impermissible."). The Fourth Circuit has also held that a controversy is constitutionally moot, if it lacks one of the three required elements for Article III standing: (1) injury in fact; (2) causation; or (3) redressability. *See Townes v. Jarvis*, 577 F.3d 543, 546-47 (4th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). And so, if it is beyond the Court's jurisdiction or power to provide the relief sought by the Appellants in this case, the Court

should dismiss this appeal as moot. *In re Carr*, 321 B.R. 702, 706 (E.D. Va. 2005); *see also In re McLean Square Assocs., G.P.*, 200 B.R. 128, 131 (E.D. Va. 1996) ("Mootness is the threshold issue.").

The Court observes as an initial matter that there is no dispute in this case that the Trustee has already transferred the Property to Mr. Arnold, pursuant to a court-approved settlement agreement. ECF No. 10 at 2; ECF No. 14-2 at 17. Notably, the record before the Court shows that the Trustee delivered a Trustee's Deed for the Property to Mr. Arnold on January 24, 2024, and that the Trustee's Deed was subsequently recorded among the records of the Recorder of Deeds for the District of Columbia on January 31, 2024. BK No. 330-1; ECF No. 10 at 7. And so, the Property is no longer in the bankruptcy estate.

The record before the Court also shows that the Trustee transferred the Property to Mr. Arnold in a manner consistent with the requirements of Rule 9019(b) of the Federal Rules of Bankruptcy Procedure. In this regard, Rule 9019(b) of the Federal Rules of Bankruptcy Procedure provides that:

> After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

Fed. R. Bankr. P. 9019(b). And so, pursuant to this Rule, the Bankruptcy Court can authorize the Trustee to compromise or settle controversies and disputes related to Mr. Hudgens' bankruptcy estate.[5]

The record in this case shows that, after Mr. Arnold filed an adversary complaint against Mr. Hudgens, Mr. Arnold and the Trustee reached a settlement with Mr. Hudgens that is reflected in the joint application to compromise controversy. *See* BK No. 74; AP No. 22. The joint application to compromise controversy provides, in relevant part, that:

> If the TOPA Plaintiffs succeed in the Superior Court case and the Subject Property becomes the property of Hudgens' Bankruptcy

---

[5] The Appellees persuasively argue that, even if 11 U.S.C. § 363 did apply to this case, the record evidence shows that the Trustee complied with this statute, because: (1) the Trustee transferred the Property to Mr. Arnold in the ordinary course of the debtor's business; and (2) the Appellants had adequate notice of the transfer. ECF No. 15 at 6-11.

9

> Estate, Rosen agrees that he will negotiate to sell the Subject Property to the TOPA Plaintiffs in good faith and pursuant to the requirements of the TOPA and in accordance with the Superior Court's instructions with all proceeds, minus Rosen's six (6) percent commission, going to Arnold. If Rosen and the TOPA Plaintiffs are unable to reach an agreement on the sale of the Subject Property, Rosen agrees that title to the Subject Property will transfer back to Arnold, with Rosen accepting a six (6) percent commission on $315,000.00.

AP No. 22 at ¶ 15. And so, the record evidence makes clear that the Trustee negotiated to sell the Property to the Appellants—as assignees of the TOPA Plaintiffs—and the Trustee filed the Motion to Sell Property on July 7, 2023, to accomplish that sale. *Id.*; ECF No. 10 at 4; BK No. 239.

The record evidence also demonstrates that the Appellants received notice and an opportunity to be heard with regards to the Trustee's Motion to Sell Property. Notably, the Bankruptcy Court conducted three evidentiary hearings on the Motion to Sell Property, during which the Appellants were able to present evidence. BK Nos. 261, 294, 297; *see also* ECF No. 16 at 2 (Trustee Gary A. Rosen's Response to Appellees' Motion to Dismiss) ("The [Appellants'] counsel took the laboring oar in presenting the case for the proposed transfer. After several opportunities given to the [Appellants] by the [Bankruptcy Court] to present evidence, the Court did not authorize the transfer of the . . . Property to the [Appellants]."). In addition, the record makes clear that the Bankruptcy Court denied the Trustee's Motion to Sell Property on December 8, 2023, and subsequently denied the Appellants' motion to reconsider that ruling on January 16, 2024. ECF No. 10-1 at 1-19; BK Nos. 301, 306, 307. And so, the record in this case makes clear that the Appellants had notice and an opportunity to be heard with regards to the Trustee's Motion to Sell Property.

The Court observes as a final matter that the record before the Court also shows that the Trustee transferred the Property to Mr. Arnold, because that was the course of action required under the terms of the court-approved joint application to compromise controversy. AP No. 22 at ¶ 15 ("[Once the Trustee] and the TOPA Plaintiffs [we]re unable to reach an agreement on the sale of the . . . Property . . . title to the . . . Property . . . transfer[red] back to [Mr.] Arnold."). The Trustee has acknowledged this requirement, by explaining that "[w]ith the [Bankruptcy]

10

Court's disapproval of the proposed sale to the [Appellants], [he] was obligated to deed the . . . Property to Nathaniel Arnold under the" settlement.  ECF No. 16 at 2.

Because the Trustee has already transferred the Property to Mr. Arnold, pursuant to the court-approved joint application to compromise controversy and Rule 9019(b), the Property is no longer in Mr. Hudgens' bankruptcy estate.  Given this, the Trustee cannot sell the Property to the Appellants.

Because the Court simply cannot grant the Appellants the relief they seek in this appeal, the Court must dismiss this appeal as moot.  See *Porter*, 852 F.3d at 363; *Townes*, 577 F.3d at 546-47.

## V.  CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Appellees' motion to dismiss this appeal; and

(2) **DISMISSES** this matter as moot.

A separate Order shall issue.


**IT IS SO ORDERED.**

                                                  s/Lydia Kay Griggsby
                                                  LYDIA KAY GRIGGSBY
                                                  United States District Judge

11